UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIRLEEM MISANGO,<br><br>                       Plaintiff,<br>     v.<br><br>GREYSTAR MANAGEMENT SERVICES, LP,<br><br>                       Defendant. | CASE NO. C17-1161JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

    Before the court is Defendant Greystar Management Services, LP's ("Greystar") notice of removal. (Not. of Removal (Dkt. # 1).) The court has examined Greystar's notice of removal and supporting documentation and finds that Greystar has failed to establish that the court has subject matter jurisdiction over this action.

    Greystar invokes the court's diversity jurisdiction. (Not. of Removal at 2-3.) A federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28

ORDER - 1

U.S.C. § 1332(a)(1).  "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Here, Greystar states that it is a limited liability partnership incorporated in Delaware with its principal place of business in South Carolina.  (Not. of Removal at 2; Ford Decl. (Dkt. # 1-3) ¶ 3.)  Greystar further alleges that its general partner is GREP General Partner, LLC, and its limited partner is Greystar Real Estate Partners, LLC, both of which are limited liability companies incorporated in Delaware with their principal places of business in South Carolina.  (Not. of Removal at 2; Ford Decl. ¶¶ 4-5.)

Because Greystar is a limited liability partnership, the court must make jurisdictional determinations specific to that type of entity.  *Johnson*, 437 F.3d at 899.  "For purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states of which its partners are citizens . . . ." *Id.*  In this instance, however, examining the citizenship of Greystar's partners does not end the inquiry because both of Greystar's partners are limited liability companies.  When the owners, members, or partners of an entity party are themselves entities, the court must look to the corporate citizenship of the owner, member, or partner entities, which is determined in the same manner described above.  *See id.* (examining corporate citizenship of a limited partnership whose partners included LLCs by looking to the citizenship of the members/owners of those LLCs).  "For purposes of diversity jurisdiction, . . . a limited liability corporation is a citizen of all of the states of which its owners/members are citizens." *Id.*  Thus, to establish subject matter jurisdiction, Greystar must establish that none of the partners of Greystar are

citizens of Washington—Plaintiff's home state. (*See* Compl. (Dkt. # 1-1) ¶ 2.1 ("Plaintiff Sirleem Misango is a resident of King County, Washington.").) This has not happened here. The court has no information before it establishing or alleging the citizenship of Greystar's partners. (*See generally* Not. of Removal.) Further, if any of the members of Greystar's partners are themselves business entities, Greystar must repeat this process again, using the appropriate test for citizenship of each business entity. Indeed, Greystar must repeat this process for as many times as is necessary to properly establish the court's subject matter jurisdiction.

This court has previously explained this process in great detail to Greystar. In *Antoine Reeves v. ERGS IX REO Owner, LLC, et al.*, No. C14-0969JLR (W.D. Wash.), this court issued not one but three orders to show cause to Greystar regarding the court's subject matter jurisdiction. *See id.*, Dkt. ## 6, 15, 20. Greystar failed to adequately demonstrate its citizenship to establish the court's diversity jurisdiction in response to any of those orders. *See id.*, Dkt. ## 11, 18, 21. Instead, in response to the court's last order to show cause, Greystar stated that it "believe[d] the best course of action [wa]s a remand to state court, rather than having to identify every owner, member, and partner and obtain evidence of the state of citizenship of every owner, member, and partnership in their complicated ownership charts . . . ." *Id.*, Dkt. # 21 at 1.

The court will not provide Greystar with three opportunities to establish the court's subject matter jurisdiction here as it did in the *Antoine Reeves* matter. To do so would be a grave waste of judicial resources. The court will permit Greystar one opportunity in response to this order to show cause to adequately establish its citizenship

so that the court can be assured of its own subject matter jurisdiction.  The court further cautions Greystar that it will not indulge Greystar's continued efforts to invoke this court's diversity jurisdiction unless it is willing to adequately establish its citizenship despite its "complicated ownership charts."  *See Antoine Reeves*, No. C14-0969JLR (W.D. Wash.), Dkt. # 21 at 1.  The court cautions Greystar that if it continues to file or remove cases in this district by invoking the court's diversity jurisdiction without being willing to adequately establish a basis for the court's exercise of that jurisdiction, Greystar may be subject to sanctions.

Accordingly, the court orders Greystar to show cause why this case should not be remanded for lack of subject matter jurisdiction.  If Greystar fails to provide the court with the information described above within seven (7) days of the date of this order, this case will be remanded to King County Superior Court.

Dated this 16th day of August, 2017.

JAMES L. ROBART
United States District Judge